**James G. BAILEY, as the Assignee and Judgment Creditor of Todd Plumbing, Inc., Plaintiff—Appellant,**

v.

**The INSURANCE CORPORATION OF NEW YORK, a New York Corporation; et al., Defendants—Appellees.**

No. 04–15208.

D.C. No. CV–02–05393–AWI/DLB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2005.

Decided Nov. 18, 2005.

Michael J. Bidart, Jeffrey I. Ehrlich, Douglas M. Carasso, Shernoff Bidart & Darras, LLP, Claremont, CA, for Plaintiff–Appellant.

Wade Michael Hansard, Gordon M. Park, Annette A. Ballatore–Williamson, McCormick, Barstow, Sheppard, Wayte & Carruth LLP, Fresno, CA, for Defendants–Appellees.

Before D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

### MEMORANDUM *

James G. Bailey appeals the district court's order granting summary judgment in favor of the Insurance Corporation of New York ("Inscorp").

The district court concluded erroneously that exclusion *j*(6) barred coverage for the portion of the award in the underlying action representing damages to drywall, flooring and other portions of the hotel (except the plumbing system) resulting from water leaks.

Specifically, the district court incorrectly interpreted exclusion *j*(6) as applying to property damaged because the work of Todd Plumbing Inc. ("Todd") was "incorrectly performed." The exclusion applies to "[t]hat particular part of any property" damaged because Todd's work was incorrectly performed *"on it"*—that is, to that particular part of the property *on which* Todd performed work. Construed narrowly, exclusion *j*(6) frees Inscorp of a duty to indemnify Todd for only that portion of the underlying award representing damages to the plumbing system installed by Todd. This consists of primarily the

---

piping and water supply system, but not walls, tiles, insulation, sinks, or toilets surrounding or utilizing the plumbing system unless Todd also constructed, supplied, or installed them.

Because we further conclude that the district court determined correctly that Inscorp failed to prove that no portion of the underlying damage award was the result of an " 'occurrence' within the policy period"—i.e., between July 1, 1997, and March 1, 2001—triable issues of material fact exist as to whether the insuring provisions of Todd's policy require Inscorp to indemnify Bailey for any portion of the damages awarded in the underlying action.

Inscorp is not entitled to summary judgment.

**REVERSED** and **REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.